# The Odd Fellows Savings Bank of Pittsburg *v.* Wilson Miller, Appellant.

*Affidavit of defense—Sufficiency of —Immaterial averments.*

Conceding the correctness of the principle that in passing upon the sufficiency of an affidavit of defense the material averments of fact contained therein must be accepted as true, it has no application to immaterial, irrelevant, obscure or evasive averments.

*Promissory notes—Protest—Notice to indorser—Affidavit of defense.*

In an action against an indorser on a promissory note plaintiff's statement averred that the note " was dishonored at its maturity, and was duly protested for nonpayment after demand made, and of which defendant as indorser of said note had due legal notice." The affidavit of defense averred that " due notice of the nonpayment of said note was not given to affiant, personally, nor was due legal notice of the protest and nonpayment of the note given to affiant by mailing a copy of the protest to his residence in Sewickley, Pennsylvania." *Held,* (1) that the averment of the affidavit of defense was not inconsistent with the fact that notice of demand at maturity, and nonpayment of the note were duly mailed to defendant's address; (2) that the affidavit of defense was insufficient to prevent judgment.

Argued Nov. 2, 1896.  Appeal, No. 107, Oct. T., 1896, by defendant, from order of C. P. No. 1, Allegheny Co., March T., 1895, No. 298, making absolute a rule for judgment for want of a sufficient affidavit of defense.  Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ.    Affirmed.

Assumpsit against an indorser upon a promissory note.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was order making absolute a rule for judgment for want of a sufficient affidavit of defense.

*Frank Whitesell,* with him *William W. Whitesell,* for appellant.—It is sufficient if the affidavit of defense sets forth facts showing a substantial prima facie defense which can probably be established : McPherson v. Allegheny Nat. Bank, 96 Pa. 135 ; Knerr v. Bradley, 105 Pa. 190.

In passing upon the sufficiency of an affidavit of defense the material averment of facts therein set forth must be accepted

as true; Ecoff v. Gillespie, 13 W. N. C. 564; Seldon v. Neemes, 7 Wright, 421.

*A. M. Brown*, with him *John D. Brown*, for appellee.—The notice of demand and nonpayment may be served either at the residence or office of an indorser, and either by messenger or mail: Story on Promissory Notes, sec. 340; Pearce v. Langfit, 101 Pa. 507; Shoemaker v. Mechanic's Bank, 59 Pa. 79.

PER CURIAM, January 4, 1897:

Conceding the correctness of the principle invoked by the defendant, that "in passing upon the sufficiency of an affidavit of defense the material averments of fact contained therein must be accepted as true," it has no application to immaterial, irrelevant, obscure or evasive averments. The affidavit in this case is largely composed of irrelevant and immaterial matters, loose and evasive averments of fact, that are claimed to be a sufficient traverse and denial of all the material averments in the statement of claim. Considered as a whole, the affidavit is insufficient to carry the case to a jury and the court was right in so holding.

In attempting to traverse the plaintiff's averment that the note in suit "was dishonored at its maturity and was duly protested for nonpayment, after demand made, and of which defendant as indorser of the said note had due legal notice," etc., the defendant says, "due notice of the nonpayment of said note was not given to affiant, personally, nor was due legal notice of the protest and nonpayment of the note given to affiant by mailing a copy of the protest to his residence in Sewickley, Pennsylvania." None of these averments is inconsistent with the fact that notice of demand, at maturity, and nonpayment of the note was duly mailed to defendant's address. Mailing a copy of the protest to the residence of the indorser is certainly neither the only nor the ordinary way of giving notice. There is nothing in either of the assignments of error that requires further notice.

Judgment affirmed.